DENGER *v.* CHRYSLER CORPORATION

[No. 16,460. Filed October 17, 1939.]

*C. James McLemore,* for appellant.

*James W. Fesler, Harvey J. Elam, Howard S. Young,* and *Irving M. Fauvre,* for appellee.

LAYMON, J.—Appellant, on September 14, 1938, filed his application for compensation on account of an injury received by him by reason of an accident arising out of and in the course of his employment with appellee. After a hearing by a single member, upon review the full board found "that on May 5, 1937, while in the employ of the defendant at an average weekly wage of $27.30, plaintiff suffered an injury as the result of an accident arising out of and in the course of his employment, of which the defendant had knowledge and furnished medical attention." ". . . that plaintiff suffered no disability beyond the 7 day waiting period as a result of said accidental injury, and that plaintiff has suffered no permanent partial impairment as the result of said accidental injury," and made an award denying compensation. It is from this award that appellant has appealed, assigning as error that the award is contrary to law.

The contentions advanced by appellant are based entirely upon the sufficiency of the evidence to sustain the award, and to answer them requires a review of the evidence.

Appellant and appellee have, in their briefs, as-

sented to all of the rules governing the review of evidence on appeal, and it is unnecessary to restate these rules.

On May 13, 1937, appellant, while in the employ of appellee, was burned when the spigot on a barrel of solution came loose, causing the contents to splash into his face and eyes. He was treated by a company doctor immediately after the injury. Appellant returned to work four days after the accident and continued in the employment of appellee until June 3, 1937. Shortly after leaving he worked for approximately two weeks as a carpenter for a bridge construction company. From sometime in June or July of 1937, to January 13, 1938, he was unemployed.

Appellant testified that he was unable to continue his employment as a night laborer for the appellee due to the condition of his eyes. He found it necessary to wear dark glasses and was unable to look at sunlight or daylight or a light in the building. After his visits to the company doctors, and during the period of his unemployment up until his recovery in January of 1938, he consulted no doctor but continued with the treatment recommended by a company physician. Appellant stated that he left the employment of appellee because he did not wish to ruin his eyes and that after accepting employment with the bridge construction company he was forced to "quit," as he could not see.

Appellee introduced undisputed testimony showing that when appellant left the employ of appellee he reported to the plant engineer that he was "going back to cement finishing as he could make more money at that," and did not mention the fact that he was having trouble with his eyes and was unable to work.

Two physicians testified in behalf of the appellee.

A specialist in diseases and surgery of the eye, to whom appellant was sent by the appellee for an examination on May 4, 1938, stated that he found no defects in the eyes of appellant attributable to the boiler compound; that his examination revealed one shallow opacity in the right eye and three similar opacities in the left eye, all of which were out of the range of vision; that spots such as these, no matter when he received the injury causing them, should not have caused a loss of ability to work for any long period of time; that he saw no reason why six or eight months before appellant should not have been able to work; and that when he made his examination appellant's eyes were as good as the average eyes of a man his age.

The company doctor who treated appellant immediately after the accident testified that the last time he examined appellant was on June 2, 1937, at which time his eyes were healed and a check of his vision showed the eyesight unimpaired, but that there was some reddening of the conjunctiva of both eyes; that he advised appellant to report to him again in ten days or two weeks, but that appellant failed to do this; and that at the time of the examination appellant had not completely recovered, due to the inflammation causing the reddening of the conjunctiva, but that he was able to work.

The evidence, when considered in its entirety, is not of such character as would warrant a reversal of the award.

Award affirmed.